**Last revised: August 1, 2017**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  MARVIS DELEE

Case No.:  ___15-22595_____

Judge:  _____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original                    ☒ Modified/Notice Required            Date:  _____

☐ Motions Included       ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___PZ_____          Initial Debtor: ___MD_____          Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor has paid $7829.52 and shall pay $ __300.00_____ per __month_____ to the Chapter 13 Trustee,

starting on __November 2017__ for approximately ___9 additional___ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:

Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☒  Loan modification with respect to mortgage encumbering property:
Description:      Woodlawn Ave
Proposed date for completion: __April 2018_____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3:    Priority Claims (Including Administrative Expenses)

a.      All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: (per ct order) |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

## Part 4:    Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| ASC / WF / SLS | Residence | $44801.19 | | Creditors shall receive funds paid to the trustee to be applied towards pre petition arrears pending successful modification of the mortgage loan | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Flagstaff/Credit Acceptance | Kia | Current | | Current | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☒ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender  ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan ☒ NONE**

The following secured claims are unaffected by the Plan:

.

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|----------|-----------|------------------------------------------|
|          |           |                                          |

## Part 5:    Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|
|          |                                   |           |                   |

## Part 6:    Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|----------|-----------------------------|-----------------------------|---------------------|------------------------|
|          |                             |                             |                     |                        |

## Part 7:    Motions ☒ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☒ **NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**  ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

**Part 8:   Other Plan Provisions**

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b.  Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c.  Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Peter Zimnis, Esq_____

3) Secured Creditors_____

4) Priority / Unsecured claims_____

**d.  Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:    Modification ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan seeks additional time to complete a loan modification | Additional time is requested. |

Are Schedules I and J being filed simultaneously with this Modified Plan?        ☐    Yes        ☒    No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _____          __/s/ Peter Zimnis_____
                                                                                  Attorney for the Debtor


Date: _____          /s/ Marvis Delee_____
                                                                                   Debtor


Date: _____          _____
                                                                                   Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.


Date: _____          /s/ Peter Zimnis_____
                                                                                  Attorney for the Debtor


I certify under penalty of perjury that the above is true.


Date: _____          /s/ Marvis Delee_____
                                                                                  Debtor


Date: _____          _____
                                                                                  Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 15-22595-KCF
Marvis R DeLee                                                        Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin            Page 1 of 2         Date Rcvd: Nov 01, 2017
                             Form ID: pdf901         Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 03, 2017.
db            +Marvis R DeLee,   243 Woodlawn Avenue,   Hamilton, NJ 08609-1703
cr            +Deutsche Bank National Trust Company, as Trustee f,   Wells Fargo Bank, N.A.,
               Attention: Bankruptcy Department,   MAC #D3347-014,   3476 Stateview Boulevard,
               Fort Mill, SC 29715-7203
515605813     +ASC,   PO Box 1820,   Newark, NJ 07101-1820
515605812     +Anthony Apicelli, Esq.,   Re: Cadet Motors; DC 2189-06,   2121 Rt. 33,
               Trenton, NJ 08690-1740
515605814    ++BANK OF AMERICA,   PO BOX 982238,   EL PASO TX 79998-2238
              (address filed with court: Bank of America,   4161 Piedmont Pkwy,   Greensboro, NC 27410)
515605818     +Comenity Capital (Ashley Stewart),   PO Box 182120,   Columbus, OH 43218-2120
515605819     +Convergent,   Re: T Mobile,   800 SW 39th St,   PO Box 9004,   Renton, WA 98057-9004
515605820     +Debt Recovery Solutions,   900 Merchants Concourse,   Re: Verizon,   Westbury, NY 11590-5142
515816961     +Deutsche Bank National Trust Company, as Trustee f,   c/o Americas Servicing Company,
               Attention: Bankruptcy Department,   MAC# D3347-014,   3476 Stateview Blvd.,
               Fort Mill, SC 29715-7203
515605821     +Fein Such Kahn & Sheppard,   Re: CACH of NJ; DC 8035-09,   7 Century Drive,   Suite 201,
               Parsippany, NJ 07054-4609
515605823     +Flagship Credit Acceptance,   PO BOX 975658,   Dallas, TX 75397-5658
515605824     +Lenox Law Office,   Re: American Trading; DC 2663-99,   101 Grovers Mill Road,   Suite 303,
               Lawrenceville, NJ 08648-4706
515605825     +Pluese, Becker & Saltzman,   Re: ASC,   20000 Horizon Way,   Mount Laurel, NJ 08054-4318
515777569     +Porania LLC,   P. O. Box 11405,   Memphis, TN 38111-0405
515605827     +Pressler & Pressler,   Re: Midland Funding; DC 1847-11,   7 Entin Road,
               Parsippany, NJ 07054-5020
515605826     +Pressler & Pressler,   Re: New Century; DC 969-12,   7 Entin Road,
               Parsippany, NJ 07054-5020
516450766     +Specialized Loan Servicing LLC,   8742 Lucent Blvd, Suite 300,
               Highlands Ranch, Colorado 80129-2386
515605829    ++T MOBILE,   C O AMERICAN INFOSOURCE LP,   4515 N SANTA FE AVE,   OKLAHOMA CITY OK 73118-7901
              (address filed with court: T-Mobile,   PO Box 742596,   Cincinnati, OH 45274)
515605830     +Verizon NJ,   500 Technology Drive,   Weldon Spring, MO 63304-2225
515605831     +Wells Fargo,   PO Box 11701,   Newark, NJ 07101-4701

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Nov 01 2017 22:42:34      U.S. Attorney,   970 Broad St.,
               Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 01 2017 22:42:29      United States Trustee,
               Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
               Newark, NJ 07102-5235
515605811     +E-mail/Text: ally@ebn.phinsolutions.com Nov 01 2017 22:41:55      Ally Financial,
               P. O. Box 380901,   Bloomington, MN 55438-0901
515723466      E-mail/Text: ally@ebn.phinsolutions.com Nov 01 2017 22:41:55      Ally Financial,
               PO Box 130424,   Roseville, MN 55113-0004
515627543      E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Nov 01 2017 22:50:21
               American InfoSource LP as agent for,   T Mobile/T-Mobile USA Inc,   PO Box 248848,
               Oklahoma City, OK  73124-8848
515605816     +E-mail/Text: banko@berkscredit.com Nov 01 2017 22:42:13      Berks Credit & Collection,
               Re: medical,   900 CORPORATE DR,   Reading, PA 19605-3340
515605815     +E-mail/Text: banko@berkscredit.com Nov 01 2017 22:42:13      Berks Credit & Collection,
               Re: medical,   PO Box 329,   Temple, PA 19560-0329
515605817     +E-mail/PDF: resurgentbknotifications@resurgent.com Nov 01 2017 22:44:19      CACH LLC,
               Re: Metris,   4340 S Monaco St,   fl 2,   Denver, CO 80237-3485
515699256     +E-mail/Text: bankruptcy@flagshipcredit.com Nov 01 2017 22:42:49
               FC Funding LLC c/o Flagship Credit Acceptance, LLC,   3 Christy Drive,
               Chadds Ford, PA 19317-9670
515605822     +E-mail/Text: bnc-bluestem@quantum3group.com Nov 01 2017 22:43:09      Fingerhut (Web Bank),
               6250 Ridgewood Rd,   Saint Cloud, MN 56303-0820
515725824      E-mail/Text: bnc-quantum@quantum3group.com Nov 01 2017 22:42:23
               Quantum3 Group LLC as agent for,   Comenity Bank,   PO Box 788,   Kirkland, WA  98083-0788
                                                                                    TOTAL: 11


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
515730269    ##+Debt Recovery Solutions LLC,   900 Merchant Concourse,   Suite LL-11,   Westbury, NY 11590-5121
515605828    ##+Reliable Collection Agency,   PO Box 7257,   Re: Takeeta Jennings,   Paterson, NJ 07509-7257
                                                                           TOTALS: 0, * 0, ## 2


Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-3          User: admin           Page 2 of 2            Date Rcvd: Nov 01, 2017
                              Form ID: pdf901        Total Noticed: 31
```

```
              ***** BYPASSED RECIPIENTS (continued) *****
```

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 03, 2017                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 31, 2017 at the address(es) listed below:
              Albert   Russo    on behalf of Trustee Albert  Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    Deutsche Bank National Trust Company, as Trustee for
               HSI Asset Securitization Corporation Mortgage Pass-Through Certificates, Series 2006-WMC1
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Jennifer R. Gorchow    on behalf of Creditor    DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE
               FOR HSI ASSET SECURITIZATION CORPORATION TRUST 2006-WMCI, MORTGAGE PASS-THROUGH CERTIFICATES,
               SERIES 2006-WMCI nj.bkecf@fedphe.com
              John   Zimnis    on behalf of Debtor Marvis R DeLee njbankruptcylaw@aol.com.
                                                                        TOTAL: 5